MEMORANDUM OPINION
FERGUSON, District Judge.
The plaintiffs in this case appeal from a decision of the bankruptcy judge, dismissing their complaint as being untimely filed. The facts are as follows.
1. The bankruptcy judge, pursuant to 11 U.S.C. § 32(b)(1), established June 12, 1974, as the final deadline both for filing objections to the discharge of the bankrupt and for filing applications to determine the dis-chargeability of particular debts.
2. At the request of the trustee, the deadline for filing objections to the discharge of the bankrupt was thrice extended; first to August 12, 1974; then to November 12, 1974; and finally to February 12, 1975.
3. At no time was there an extension of the deadline for filing applications to determine the dischargeability of a particular debt.
4. On February 5,1975, plaintiffs filed a complaint with the bankruptcy court, asking that the court modify its Rule 401 stay of proceedings against the bankrupt so that plaintiffs could file suit in state court, alleging fraud perpetrated by the bankrupt and one of his creditors. The complaint also asked that the court reserve the determination of the dischargeability of debts until the state court resolved the fraud issues. Nowhere in the complaint did plaintiffs file an objection to the discharge of the bankrupts.
5. On February 13,1975, the bankruptcy court entered a discharge as to the bankrupts.
*100 APPENDIX — Continued
6. On March 11, 1975, the bankruptcy court held a hearing on plaintiffs’ complaint. By order of March 13, 1975, the court dismissed the complaint for having been filed late.
7. On April 23, 1975, plaintiffs filed their notice of appeal from the bankruptcy court’s dismissal.
Plaintiffs apparently feel that their complaint was an objection to the discharge of the bankrupt, and was therefore timely since it was filed a week before the deadline. The problem is that the complaint itself is very unclear. It is styled as a request for relief from a stay — hardly the same thing as an objection to discharge. A closer look at the allegations of the complaint shows that plaintiffs felt that a discharge of the bankrupts’ debt to them would be unfair, since the debt had allegedly been incurred when the bankrupts misrepresented the extent of their assets to plaintiffs, thereby inducing plaintiffs to cosign a promissory note.
These allegations can be read as an objection to the discharge of a debt, but as such they were untimely made. The statute makes it clear that there are two kinds of objections — to discharge of the bankrupts and to discharge of particular debts. None of the extensions of time relied on by plaintiffs say or imply anything about extending the time to object to a particular debt. Thus, the final date for such objections was June 12, 1974, a deadline which plaintiffs missed by some eight months.
For the reasons stated above, the bankruptcy court will be affirmed.
IT IS FURTHER ORDERED that the Clerk forthwith serve copies of this memorandum opinion by United States mail upon the attorneys for the parties appearing in this action.